United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>JESSE DEON BLEVINS,<br>Defendant. | Case No. 02-cr-20023-JW-1<br><br>**ORDER SETTING DEADLINES TO RESPOND TO MOTION FOR ORDER TO ESTABLISH PAYMENT PLAN**<br><br>Re: Dkt. No. 29 |

Before the court is the motion of defendant Jesse Deon Blevins, appearing pro se, for an order establishing a payment plan on restitution while he is serving his term of imprisonment. Dkt. no. 29. Because the sentencing judge has retired from the bench, this motion has been assigned as a general duty matter to the undersigned judge.

The case docket reflects that pursuant to a plea agreement, defendant was convicted of two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts One and Two of the superseding information), and one count of use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Three). On November 4, 2002, defendant was sentenced as follows: term of imprisonment of 110 months on each of Counts One and Two to run concurrent with each other; term of imprisonment of 60 months as to Count Three to run consecutive to Counts One and Two for a total prison term of 170 months; term of supervised release of five years as to Counts One and Two and three years as to Count Three to run concurrent as to each count for a total supervised release term of five years; special assessment fee of $300; restitution in the amount of $21,393.00. The judgment entered on November 12, 2002,

ordered that "RESTITUTION SHALL BE PAID AT THE DIRECTION OF THE BUREAU OF PRISONS [BOP], WITH ANY BALANCE TO BE PAID AT THE DIRECTION OF PROBATION AT THE COMMENCEMENT OF THE TERM OF SUPERVISED RELEASE." Dkt. no. 27 (attached as Appendix 1).

After the sentence was imposed against defendant, the Ninth Circuit decided *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*), which held that under the Mandatory Victims Restitution Act of 1996 (MVRA), which governs restitution orders that are issued against federal defendants, only the court has the authority to set a schedule of restitution payments while a defendant is incarcerated and the court cannot delegate that authority to BOP. *Id.* at 1149-50 (citing 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.")). *See also United States v. Gunning*, 339 F.3d 948, 949-50 (9th Cir. 2003) (*Gunning I*) (holding that the court may not delegate the scheduling of restitution payments to the Probation Office). Accordingly, the court must determine defendant's schedule of restitution payments to be made both during incarceration and on supervised release.

Defendant now asks the court to establish a schedule of restitution payments of $25 quarterly, or every three months, during his incarceration in an effort to satisfy his debts. He indicates that he has remained incarcerated in solitary confinement, and is expected to spend the rest of his life in prison. Defendant represents that he is unable to work or earn funds, but is receiving financial support from family for commissary needs. The court construes this request as a motion to adjust the restitution payment schedule. Defendant's motion does not seek reconsideration of the amount of restitution owed to each victim under the judgment.

Adjustment of the restitution payment schedule is governed by 18 U.S.C. § 3664(k), which provides as follows:

A restitution order shall provide that the defendant shall notify

> the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Section 3664(o) further provides, in pertinent part, that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that -- (1) such a sentence can subsequently be . . . (D) adjusted under section 3664(k)."

In light of defendant's notice of change in economic circumstances, and the court's obligation to set the schedule of restitution payments under *Gunning I* and *II,* the court orders the government to notify the victims and certify such notice pursuant to § 3664(k), and to file a response to defendant's request for a payment schedule of $25 quarterly during his incarceration, **within twenty-eight (28) days of the date of this order**. The Probation Office is directed to notify BOP of defendant's motion and to submit a written response to defendant's motion **within twenty-eight (28) days of the date of this order**. Thereafter, the court will take the matter under submission.

The clerk is directed to serve a copy of this order on defendant, the Probation Office, and the individuals identified in defendant's certificate of service.

**IT IS SO ORDERED.**

Dated: August 24, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br><br>   v.<br><br>BLEVINS,<br>        Defendant. | Case No. 02-cr-20023-JW-1 (PJH)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 27, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Deon Blevins 99651-111
USP/A.D.X
P.O. Box 8500
Florence, CO 81226-8500

Carl & Rhonda Blevins
186 Old Brim Rd.
Winder, GA 30680

U.S. Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA 95113-2009

U.S. Probation Office
280 S. First St., Ste 106
San Jose, CA 95113

4

1 | Dated: August 27, 2018

Susan Y. Soong
Clerk, United States District Court

By: /s/ Kelly Collins
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON